**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard E. Cooke, | No. CV-10-845-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Masterpharm, LLC; *et al.*, | |
| Defendants. | |

On April 16, 2010, Defendant Masterpharm, LCC ("Defendant") removed this case from Maricopa County Superior Court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. (Dkt. # 1.) Plaintiff Richard E. Cooke ("Plaintiff") now moves to remand this action back to State Court. (Dkt. #14.) According to Plaintiff, removal was untimely under 28 U.S.C. § 1446(b). (*Id.*) As set forth below, the Court denies the Motion.

**DISCUSSION**

Under 28 U.S.C. § 1446(b), any notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" A defendant's receipt of a complaint, however, only triggers 28 U.S.C. § 1446(b)'s removal period if proper service has been effected when the complaint is received. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). In *Murphy*, the defendant acknowledged that he

received a faxed copy of the complaint more than thirty days prior to filing its notice of removal; nevertheless, the Court held that the thirty-day removal period did not begin to run because the defendant had not yet been served. *Id.* Instead, the Court required service of process before the removal period could begin. *Id.* According to the Court, "the various state provisions for service of the summons and the filing or service of the complaint fit into one or another of four main categories." *Id.* at 354. These four possibilities are as follows:

> First, if the summons and complaint are served together, the 30-day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

*Id.* The Supreme Court, therefore, rejected the notion that notice of the complaint prior to service triggers § 1446(b)'s removal period. *Id.*; *see also Cachet Residential Builders, Inc. v. Gemini Ins.*, 547 F. Supp.2d 1028, 1031 (D. Ariz. 2007) (holding that "[a]n interpretation of Section 1446(b) that mere notice was sufficient to trigger removal requirements for multiple defendants not actually served runs counter to . . . *Murphy*").

Defendant's notice of removal was timely under § 1446(b). Here, the complaint was filed in state court on February 4, 2010, sent to Defendants on February 9, 2010, and receipt of the complaint was acknowledged on February 24, 2010. But while Defendants received a copy of the complaint was more than thirty days before they filed their notice of removal, the time period for filing notice of removal did not begin to run until Defendants were properly served. *See Murphy*, 526 U.S. at 354.

Under Arizona Law, service of process was not effected in this case until March 26, 2010—the date that Defendants officially waived its right to service of process. The Arizona Rules of Civil Procedure provide that "when the plaintiff files a waiver of service with the court, the action shall proceed . . . as if the summons and complaint had been served at the time of filing the waiver[.]" Ariz. R. Civ. P. 4.1(c)(4) (setting forth rules for service of

process on parties in Arizona); 4.2(d)(4) (stating rules for service on entities outside of Arizona). Accordingly, when a defendant waives service of process, service is effective from the time that a signed waiver is filed with the court. *Id.*; *see also Lacey v. Malandro Commc'n*, 2009 WL 4755399, at *3 (D. Ariz. Dec. 8, 2009) ("[W]here service of the initial complaint is waived, service of process is considered to be effective from the time that service is formally waived."). In this case, the waiver form was signed and filed on March 26, 2010; therefore, service became effective at that time. Because the notice of removal was filed on April 16, 2010, less than thirty days after service, removal was timely under § 1446(b).

Plaintiff's arguments to the contrary are unavailing. According to Plaintiff, Arizona Rule of Civil Procedure 4(f) made service effective from the date that Defendants received the compliant. That Rule, however, provides, in pertinent part:

> The person to whom a summons or other process is directed may accept service, or waive issuance of service thereof, in writing, signed by that person or that person's authorized agent or attorney . . . . Such waiver, acceptance or appearance shall have the same force and effect as if a summons had been issued and served.

Ariz. R. Civ. P. 4(f). In other words, this provision merely authorizes a party to waive service of process. It does not make service retroactive from the date that the defendant received a copy of a the complaint and the voluntary waiver form. And while the waiver form itself provided that "receipt" of the complaint shall be considered "sufficient service of process," this too does not make service *effective* from the time that Defendant received the Complaint. Arizona law is clear on this point. When a party waives service, service of process is deemed to be effective from the time that the signed waiver is *filed* with the court. *See* Ariz. R. Civ. P. 4.1(c)(4); 4.2(d)(4).

/ / /

/ / /

/ / /

- 3 -

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand to State Court (Dkt. # 14) is **DENIED**.

DATED this 15th day of June 2010.

G. Murray Snow
United States District Judge